IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDY JOSEPH NETZER,

            Plaintiff,            OPINION AND ORDER

   v.

                                          16-cv-175-wmc

OFFICE OF LAWYER REGULATION,
MATTHEW ANICH AND WISCONSIN
DEPARTMENT OF REVENUE,

            Defendants.

---

*Pro se* litigant Randy Netzer attempts to appeal an order entered on February 3, 2016, by the United States Bankruptcy Court for the Western District of Wisconsin, holding that costs imposed against him by the Wisconsin Supreme Court and Office of Lawyer Regulation are nondischargeable. Unfortunately for Netzer, this court lacks jurisdiction over his appeal as a matter of law because he filed it too late.

As a general proposition, this is a court of limited jurisdiction. *See Mims v. Arrow*, 132 S.Ct. 740, 744 (2012) (quoting *Kokkenen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (federal courts are "courts of limited jurisdiction"). Under 28 U.S.C. §§ 158(a) and (c)(2), this court has jurisdiction over bankruptcy appeals of final judgments, orders and decrees, so long as the appeal is filed within the time provided by Federal Rule of Bankruptcy Procedure 8002. That rule requires a notice of appeal to be filed within 14 days from the date of entry of the judgment or order. This deadline is jurisdictional. In other words, if the notice of appeal is not filed within the deadline, the district court *cannot* exercise jurisdiction over the appeal. *In re Sobczak-Slomczewski*, No. 15-1162, -- F.3d --, 2016 WL 3245340, at *3 (7th Cir. June 13, 2016) ("[T]he 14-day time limit to file

notice of appeal of the bankruptcy court's judgment or order is jurisdictional.")

Here, the bankruptcy court Order and Judgment was entered on February 3, 2016. Netzer's notice of appeal was filed on March 15, 2016, 41 days after entry of the order and far past the required deadline to file a notice of appeal. Netzer argues that the 14-day deadline should be extended because (1) he did not receive notice of the bankruptcy court's order until Saturday, March 12, 2016; and (2) he filed his notice of appeal as soon as he could (indeed, on the following Monday). Additionally, on March 16, 2016, Netzer filed a formal motion for enlargement of time to file his appeal in the bankruptcy court. Netzer contends that these unique circumstances justify an extension of the time to file his appeal.

The 14-day deadline can be extended under very limited circumstances. Specifically, the deadline can be extended by a party filing a motion in the bankruptcy court to extend (1) within the original 14-day period, or (2) within 21 days after that time provided the party shows excusable neglect. Fed. R. Bankr. P. 8002(d). However, *no* extension of time may exceed 21 days after the 14-day period or 14 days after entry of the order granting the extension, whichever is later. *Id.* 8002(d)(3). Here again, Netzer filed a motion to extend far outside the 14-day period and beyond the 21-day period allowed for excusable neglect.

The bankruptcy court never ruled on Netzer's March 16 motion for extension of time, presumably because there was no mechanism under the bankruptcy rules for such an untimely motion to be granted. Assuming it is true that Netzer never received notice of the final order until after the time to appeal had expired, there appears to be no

2

provision in the bankruptcy rules that would allow extension of the time to appeal under those circumstances. To the contrary, the rules state just the opposite. Rule 9022, which requires the bankruptcy court to provide notice to parties of orders and judgments, specifically states that "[l]ack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, *except as permitted in Rule 8002*."

In other words, the only means to obtain an extension of the time to appeal is by requesting an extension within the original 14-day deadline, or within 21 days after that time if there is a showing of excusable neglect. Because Netzer did neither, the bankruptcy court could not extend the time to appeal, nor can this court exercise jurisdiction over any appeal.

Finally, to the extent Netzer is asking *this* court to extend the time to appeal, there is again no authority for doing so. Indeed, the bankruptcy rules allow only the *bankruptcy court* to extend the time to appeal. *See In re Sobczak-Slomczewski*, -- F.3d --, 2016 WL 3245340, at *3 ("[R]ule [8002] allows the *bankruptcy court* to extend the time to appeal due to excusable neglect upon a motion filed within 21 days after the 14-day period has expired.") (emphasis in original). Netzer failed to seek a timely extension and the bankruptcy court plainly failed to grant one. Accordingly, his appeal is untimely and must be dismissed for lack of jurisdiction.

ORDER

IT IS ORDERED that Randy Netzer's appeal is DISMISSED for lack of jurisdiction. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 29th day of June, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge