IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDY JOSEPH NETZER,

        Plaintiff,                       OPINION AND ORDER

    v.

                                        16-cv-175-wmc

OFFICE OF LAWYER REGULATION,
MATTHEW ANICH AND WISCONSIN
DEPARTMENT OF REVENUE,

        Defendants.

---

On June 29, 2016, this court dismissed *pro se* litigant Randy Netzer's appeal from an order of the United States Bankruptcy Court for the Western District of Wisconsin, having concluded that it lacked jurisdiction because Netzer filed his appeal well past the 14-day deadline set forth in Federal Rule of Bankruptcy Procedure 8002. Netzer has now filed a motion for reconsideration of this court's June 29 order (dkt. #22), as well as a motion for leave to file an amended brief in support (dkt. #28), a motion for extension of time to file an appeal (dkt. #30), and a motion for leave to proceed *in forma pauperis* on appeal (dkt. #32).

In his motion for reconsideration and amended brief, Netzer argues that his appeal of the bankruptcy court's order should be allowed to proceed for three primary reasons: (1) the district court has statutory authority to extend the time for filing an appeal of a bankruptcy decision; (2) the district court should permit Netzer to proceed based on principles of equity and fairness; and (3) defendants should be found to be in default because they have never responded properly to this case either at the bankruptcy court or in this court. None of these arguments address the fundamental problem here:

as a result of plaintiff's delay in filing an appeal, this court has no jurisdiction over his case.

As this court explained in its original order of dismissal, the 14-day deadline for filing a notice of appeal of a bankruptcy order is jurisdictional and may only be extended by the bankruptcy court under very limited circumstances. *See In re Sobczak-Slomczewski*, 826 F.3d 429, 432 (7th Cir. 2016); Fed. R. Bankr. P. 8002(d). Nevertheless, Netzer argues that bankruptcy rules 8026(b)(1) and 9029 permit *this* court to extend his time for filing an appeal, as both of these rules allow district courts to regulate bankruptcy procedure "when there is no controlling law." The trouble with this argument, however, is that there *is* controlling law that sets forth the specific instances in which the time to appeal may be extended, and none of them involve this court. On the contrary, the sole authority to evaluate the propriety of an extension to the *bankruptcy court*. *See* Fed. R. Bankr. P. 8002(d), 9022. *See also In re Sobczak-Slomczewski*, 826 F.3d at 432 ("[R]ule [8002] allows the *bankruptcy court* to extend the time to appeal due to excusable neglect upon a motion filed within 21 days after the 14-day period has expired.") (emphasis in original). Thus, neither the rules cited by Netzer, nor principles of equity, give this court the authority to extend Netzer's time for appeal.

Netzer's argument that defendants are in default does not help him either, since any default has no bearing on whether Netzer's appeal was untimely. Moreover, arguments related to defendants' actions (or inaction) in the bankruptcy court should have been raised there. Regardless, these arguments do not change his untimely appeal, nor grant this court jurisdiction that is expressly denied as a result. Accordingly, Netzer's

2

motion for reconsideration must be denied.

As for Netzer's motion to extend his deadline for appealing to the Seventh Circuit, that motion will be denied as unnecessary. Under Fed. R. App. P. 4(a)(4), he has 30 days from today's date to file an appeal.

Finally, Netzer's motion for leave to proceed *in forma pauperis* on appeal will be granted. First, Netzer's financial affidavit indicates that he is not able to pay the appellate filing fee. Second, although certainly approaching the frivolous, this court will not certify that Netzer's appeal is taken in bad faith. *See* Fed. R. App. P. 24(a)(3).

## ORDER

IT IS ORDERED that:

(1) Plaintiff Randy Netzer's motion for leave to file an amended brief (dkt. #28) is GRANTED.

(2) Plaintiff's motion for reconsideration (dkt. #22) is DENIED.

(3) Plaintiff's motion for extension of time to appeal is DENIED as unnecessary.

(4) Plaintiff's motion for leave to proceed *in forma pauperis* on appeal (dkt. #32) is GRANTED.

Entered this 22nd day of September, 2016.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge